# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

LEODIS RANDLE                                                                                           PLAINTIFF

V.                            No. 4:20-CV-01378-JM-JTR

ERIC HIGGENS; THODD BIARD;
CRAIG PICKLES, DOE, B.O.D. Chief;
LEE WATSON, Deputy; WINSTON, Deputy;
D. MUSADDIQ, Sergeant; D. GREEN, Deputy;
TYRA PARKER, Deputy; PERRY, Deputy;
ATWOOD, Lieutenant; AUSTIN, Sergeant;
ROSE, Captain; and MARLYIN CAPLYN,
Medical Doctor                                                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Discussion

On November 20, 2020, Plaintiff Leodis Randle ("Randle") filed a § 1983 Complaint alleging that, while incarcerated at the Pulaski County Detention Center ("PCDC"), the Defendants violated his constitutional rights. *Doc. 1.*

Randle did not pay the filing fee for this action or file an application to proceed *in forma pauperis*. However, a prisoner may not proceed *in forma pauperis* if three of his prior actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Court records show that, before this lawsuit, Randle filed numerous § 1983 actions in this Court, at least three of which were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Randle v. Peters,* E.D. Ark. No. 4:14-cv-280-BRW (dismissed for failure to state a claim); *Randle v. Baker,* E.D. Ark. No. 4:14-cv-357-JLH (same); *Randle v. Arkansas,* E.D. No. 4:17-cv-291-BSM (same).[1]

Thus, as a well-established three-striker, Randle can proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Importantly, the Eighth Circuit has clarified that the imminent-danger exception applies only to claims involving a risk of *continuing or future injury* and not to claims seeking "a remedy for past misconduct." *Martin v. Shelton,* 319 F.3d

---

[1] Randle has also had multiple cases dismissed pursuant to the three-strikes rule. *See, e.g., Randle v. Little Rock Police Dep't,* E.D. Ark. No. 4:20-cv-1257-SWW (dismissed Nov. 3, 2020).

1048, 1050-51 (8th Cir. 2003) (emphasis added). The exception applies only when a prisoner presents "*specific fact allegations* of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (emphasis added). A prisoner must allege more than a speculative or generalized risk of harm. *Id.* at 1050 ("conclusory assertions that defendants were trying to kill" a prisoner were "insufficient" to invoke the imminent-danger exception).

In his Complaint, Randle alleges that: (1) he is being harassed, sexually harassed, threatened, and retaliated against at the PCDF by Sergeant Musaddiq, Deputy D. Green, Deputy Tyra Parker, Deputy Winston, Deputy Lee Watson, Deputy Perry, Lieutenant Atwood, Sergeant Austin, Captain Rose, and Sheriff Eric Higgins; (2) he has seizures, and "the nurse and others" keep placing him in "unsafe" areas; (3) he "believes" he had Covid-19 but he has refused testing because unspecified medical personnel were "careless" and did not change gloves after swabbing another inmate; (4) his constitutional rights have been violated because the PCDF makes him use the kiosk to file grievances; (5) he received a false disciplinary charge and Deputy Lee Watson conducted an "unfair" hearing in retaliation for a PREA complaint that Randle filed against him; (6) Deputy Winston sexually harassed Randle and, after he reported her conduct, she retaliated by telling other inmates Randle is a child sex offender; (7) Randle is an "undercover witness"

in a murder case, and "the state and government" are failing to protect him from the suspect's family and friends; (8) Sergeant Musaddiq and Deputy D. Green are harassing and threatening him in retaliation for a PREA complaint you filed; and (9) as a federal prisoner, he should not be held at the PCDF, which allows inmates to smoke. *Doc. 1*.

On November 23, 2020, the Court advised Randle that he was a three-striker and that his vague, conclusory, and facially implausible allegations were insufficient to demonstrate the required showing of imminent danger of physical injury. *Doc. 2 at 3-4*. However, the Court gave Randle the opportunity to file an Amended Complaint to support his claims with "specific facts." Randle did *not* file an Amended Complaint, and the time to do so has passed.

Because Randle does not meet the imminent-danger exception to the three-strikes provision, this action should be dismissed, without prejudice.

## II. Conclusion

IT IS THEREFORE RECOMMENDED:

1. Randle's Complaint be DISMISSED, WITHOUT PREJUDICE.

2. Randle be given thirty (30) days to reopen the case by paying the $400 filing fee in full and filing a Motion to Reopen.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 19th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE